**Titın YULIANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73646.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 11, 2008.

Ebby S. Bakhtiar, Esquire, David M. Haghighi, Esquire, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

Oluremi Olatokunbo Adalemo, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Titin Yuliana, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying her applica-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

674

tion for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny in part and grant in part the petition for review.

Substantial evidence supports the BIA's conclusion that Yuliana's experiences in Indonesia do not rise to the level of past persecution. *See id.* at 1016–17.

To the extent the IJ found that Yuliana's experiences were not on account of a protected ground, this finding is not supported by substantial evidence. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). After the IJ's decision and before the BIA's decision, this court issued its opinion in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir. 2004). In her brief to the BIA, Yuliana argued that she is a member of a disfavored group under *Sael.* Because the BIA streamlined and did not consider her argument, we remand Yuliana's asylum and withholding claims to the agency to determine *Sael*'s application in this case. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (holding that when an agency has not reached an issue, the proper course is to remand to the agency to address in the first instance).

**PETITION FOR REVIEW GRANTED; REMANDED.**